## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **SOPHIA HELENA IN 'T VELD**<br>72, Avenue Jules de Trooz<br>B-1150 Brussels<br>Belgium,<br><br>        Plaintiff,<br><br>   v.<br><br>**DEPARTMENT OF HOMELAND SECURITY**<br>Washington, DC 20528,<br><br>**DEPARTMENT OF JUSTICE**<br>950 Pennsylvania Avenue, N.W.<br>Washington DC 20530,<br><br>   and<br><br>**DEPARTMENT OF STATE**<br>2201 C Street, N.W.<br>Washington, DC 20520<br><br>       Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  C. A. No. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT FOR INJUNCTIVE RELIEF

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. §

552. Plaintiff seeks injunctive and other appropriate relief for the processing and release

of agency records requested by plaintiff from defendants Department of Homeland

Security, Department of Justice and Department of State. Notwithstanding the statutory

time limit of twenty business days for an agency response to FOIA requests and

administrative appeals, defendants have failed to respond to plaintiff's requests and

appeals in a timely manner.

## Jurisdiction and Venue

2. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. §§ 552(a)(4)(B). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

## Parties

3. Plaintiff Sophia Helena In 't Veld is a citizen of the Netherlands and a member of the European Parliament for the Dutch social-liberal party D66. Among her parliamentary activities, plaintiff serves on the Committee on Civil Liberties, Justice and Home Affairs. In that capacity, she has been actively engaged in the development of policies concerning European Union-United States agreements governing the exchange of Passenger Name Record ("PNR") data.

4. Defendant Department of Homeland Security ("DHS") is a Department of the Executive Branch of the United States Government. DHS is an "agency" within the meaning of 5 U.S.C. § 552(f). U.S. Customs and Border Protection ("CBP") and the Transportation Security Administration ("TSA") are components of defendant DHS.

5. Defendant Department of Justice ("DOJ") is a Department of the Executive Branch of the United States Government. DOJ is an "agency" within the meaning of 5 U.S.C. § 552(f). The Federal Bureau of Investigation ("FBI") is a component of defendant DOJ.

6. Defendant Department of State ("State") is a Department of the Executive Branch of the United States Government. State is an "agency" within the meaning of 5 U.S.C. § 552(f).

2

## **Background**

7. For several years, the United States ("U.S.") and European Union ("EU") have engaged in an ongoing and highly controversial debate concerning the weakness of legal protections for Passenger Name Record ("PNR") data processed and transferred to defendant DHS from airlines traveling between the EU and U.S. In the course of her service in the European Parliament, plaintiff has repeatedly expressed concern that the level of protection afforded such data by the U.S. is inadequate to protect the fundamental rights of EU citizens.

8. In November 2006, defendant DHS and its component, Customs and Border Protection, published a public notice stating that it maintains a system of records called the Automated Targeting System ("ATS"). The ATS, as described by DHS, is a data-mining system that the agency uses to create "risk assessments" for tens of millions of travelers crossing U.S. borders, drawing on PNR and other personal data maintained by the defendants in such information systems as the Non Immigrant Information System ("NIIS"), Suspect and Violator Indices ("SAVI"), Treasury Enforcement Communications System ("TECS"), Advanced Passenger Information System ("APIS"), the Department of State visa databases, and information from the consolidated and integrated terrorist watch list maintained by the Terrorist Screening Center. Prior to DHS's announcement, the existence of ATS had not been disclosed to the European Parliament, despite the contentious EU-U.S. PNR negotiations. In December 2006, European Commissioner for Freedom, Security and Justice Franco Frattini told the European Parliament that the manner in which PNR data were handled within ATS violated commitments made by DHS concerning the agency's use of European passenger

3

data.

9. Defendant DHS has repeatedly represented that the FOIA provides a means of

access to PNR and related data, permitting any person, regardless of nationality or

country of residence, to obtain relevant agency records unless they are specifically

exempted from public disclosure under the FOIA.

## Plaintiff's FOIA Request to Defendant DHS

10. By letter sent by facsimile to defendant DHS on October 17, 2007, counsel

for plaintiff requested under the FOIA the following agency records:

> all records concerning Sophie In 't Veld (including but not limited to
> electronic records) maintained in the Non Immigrant Information System
> (NIIS), Suspect and Violator Indices (SAVI), and the Treasury
> Enforcement Communications System (TECS).

Accompanying the FOIA request was a statement executed by plaintiff authorizing

defendant DHS to release the requested information to plaintiff's counsel.

11. By letter to plaintiff's counsel dated October 29, 2007, defendant DHS

acknowledged that it had received plaintiff's FOIA request on October 17, 2007.

12. By letter to plaintiff's counsel dated March 6, 2008, defendant DHS provided

its "final response" to plaintiff's FOIA request. Defendant DHS informed plaintiff's

counsel that

> [w]e conducted a comprehensive search of files within Customs and
> Border Protection (CBP), United States Citizenship and Immigration
> Services (USCIS), Office of Policy (PLCY), Privacy Office (PRIV), and
> United States Immigration and Customs Enforcement (USICE) for records
> that would be responsive to your request. Unfortunately, we were unable
> to locate or identify any responsive records.

4

Defendant DHS further stated that "you have the right to appeal this determination that no records exist within CBP, USCIS, PLCY, PRIV and USICE that would be responsive to your request."

13. By letter to defendant DHS dated May 5, 2008, counsel for plaintiff appealed the determination set forth in defendant DHS's letter dated March 6, 2008.

14. By letter to plaintiff's counsel dated June 26, 2008, defendant DHS rendered a decision on plaintiff's appeal and stated that "U.S. Customs and Border Protection (CBP) may have records about your client" and that "we are therefore remanding your request to CPB for processing and their direct response to you."

15. By its letter to plaintiff's counsel dated June 26, 2008, defendant DHS made a final determination that no DHS components other than CBP "may have records about" plaintiff.

16. In its letter to plaintiff's counsel dated June 26, 2008, defendant DHS advised plaintiff that "you may obtain judicial review of this decision . . . in the United States District Court . . . in the District of Columbia."

17. Plaintiff has exhausted the applicable administrative remedies.

18. Defendant DHS has wrongfully withheld the requested records from plaintiff.

### Plaintiff's FOIA Request to Defendant DHS's Component CBP

19. By letter sent by facsimile to CBP on October 17, 2007, counsel for plaintiff requested under the FOIA the following agency records:

> all records concerning Ms. In 't Veld (including but not limited to electronic records) maintained in the Passenger module of the Automated Targeting System (ATS-P) and Advanced Passenger Information System (APIS).

Accompanying the FOIA request was a statement executed by plaintiff authorizing CBP to release the requested information to plaintiff's counsel.

20. On information and belief, CBP received the letter from plaintiff's counsel described in ¶17 by facsimile on October 17, 2007.

21. To date, CBP has not responded to plaintiff's FOIA request.

22. CBP has violated the applicable statutory time limit for the processing of FOIA requests.

23. Plaintiff has exhausted the applicable administrative remedies.

24. CBP has wrongfully withheld the requested records from plaintiff.

**Plaintiff's FOIA Request to Defendant DHS's Component TSA**

25. By letter sent by electronic mail to TSA on May 15, 2008, counsel for plaintiff requested under the FOIA the following agency records: "all records concerning Sophie In 't Veld (including but not limited to electronic records) maintained by TSA." Accompanying the FOIA request was a statement executed by plaintiff authorizing TSA to release the requested information to plaintiff's counsel.

26. On May 16, 2006, plaintiff's counsel received a voice message from Kevin Janet, TSA's FOIA Officer, acknowledging that TSA received the letter from plaintiff's counsel described in ¶23.

27. To date, TSA has not responded to plaintiff's FOIA request.

28. TSA has violated the applicable statutory time limit for the processing of FOIA requests.

29. Plaintiff has exhausted the applicable administrative remedies.

30. TSA has wrongfully withheld the requested records from plaintiff.

**Plaintiff's FOIA Request to Defendant DOJ's Component FBI**

31. By letter sent by facsimile to the FBI on October 17, 2007, counsel for plaintiff requested under the FOIA the following agency records:

> all records concerning Ms. In 't Veld (including but not limited to electronic records) in the consolidated and integrated terrorist watch list maintained by the Terrorist Screening Center.

Accompanying the FOIA request was a statement executed by plaintiff authorizing the FBI to release the requested information to plaintiff's counsel.

32. By letter to plaintiff's counsel dated October 29, 2007, the FBI the execution and return of a "Privacy Waiver and Certification of Identity Form," a copy of which the FBI attached to its letter.

33. By letter sent by U.S. Mail to the FBI on December 6, 2007, counsel for plaintiff provided the FBI with a "Privacy Waiver and Certification of Identity Form" executed and signed by plaintiff.

34. By letter to plaintiff's counsel dated December 18, 2007, the FBI stated that "[n]o records responsive to your FOIPA request were located by a search of the automated indices [of main files in the central records system at FBI Headquarters]." The FBI informed plaintiff's counsel that an appeal of the FBI's determination could be submitted to defendant DOJ's Office of Information and Privacy.

35. By letter sent by facsimile to defendant DOJ's Office of Information and Privacy on January 22, 2008, counsel for plaintiff submitted an administrative appeal of the determination contained in the FBI's letter dated December 18, 2007.

7

36. By letter to plaintiff's counsel dated January 25, 2008, defendant DOJ's Office of Information and Privacy acknowledged receipt of plaintiff's administrative appeal.

37. To date, defendant DOJ's Office of Information and Privacy has not responded to plaintiff's appeal of the agency's adverse determination, nor has the FBI disclosed or otherwise accounted for any agency records responsive to plaintiff's FOIA requests.

38. Defendant DOJ and its component, the FBI, have violated the applicable statutory time limit for the processing of FOIA requests.

39. Plaintiff has exhausted the applicable administrative remedies.

38. Defendant DOJ and its component, the FBI, have wrongfully withheld the requested records from plaintiff.

### Plaintiff's FOIA Request to Defendant State

40. By letter sent by U.S. Mail to defendant State on February 22, 2008, counsel for plaintiff requested under the FOIA the following agency records: "all records concerning Ms. In 't Veld (including but not limited to electronic records) maintained in the Department of State visa databases." Accompanying the FOIA request was a statement executed by plaintiff authorizing defendant State to release the requested information to plaintiff's counsel.

41. By letter to plaintiff's counsel dated March 24, 2008, defendant State acknowledged its receipt of plaintiff's "request dated February 22, 2008."

42. To date, defendant State has not responded to plaintiff's FOIA request.

43. Defendant State has violated the applicable statutory time limit for the processing of FOIA requests.

44. Plaintiff has exhausted the applicable administrative remedies.

45. Defendant State has wrongfully withheld the requested records from plaintiff.

## CAUSE OF ACTION

### Violation of the Freedom of Information Act for Wrongful Withholding of Agency Records

46. Plaintiff repeats and realleges paragraphs 1-45.

47. Defendants have wrongfully withheld agency records requested by plaintiff by failing to comply with the statutory time limits for the processing of requests and administrative appeals submitted under the FOIA requests.

48. Plaintiff has exhausted the applicable administrative remedies with respect to defendants' wrongful withholding of the requested records.

49. Plaintiff is entitled to injunctive relief with respect to the release and disclosure of the requested records.

### Requested Relief

WHEREFORE, plaintiff prays that this Court:

A. order defendants to process immediately the requested records in their entirety;

B. order defendants upon completion of such processing, to disclose the requested records in their entirety and make copies available to plaintiff;

C. provide for expeditious proceedings in this action;

D. award plaintiff its costs and reasonable attorneys fees incurred in this

action; and

E. grant such other relief as the Court may deem just and proper.


Respectfully submitted,


DAVID L. SOBEL
D.C. Bar No. 360418
Electronic Frontier Foundation
1875 Connecticut Avenue, N.W., Suite 650
Washington, DC 20009
(202) 797-9009

MARCIA HOFMANN
D.C. Bar No. 484136
Electronic Frontier Foundation
454 Shotwell Street
San Francisco, CA 94110
(415) 436-9333

Counsel for Plaintiff

*08-1151
RMC*

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Sophia Helena In't Veld | Dep't of Homeland Security; Dep't of Justice; Dep't of State |

*99999*
non-US

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
David L. Sobel, 1875 Conn. Ave., NW, Suite 650, WDC 20009, 202-246-6180

Case: 1:08-cv-01151
Assigned To : Collyer, Rosemary M.
Assign. Date : 7/1/2008
Description: FOIA/Privacy Act

---

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff

⊙ 2 U.S. Government Defendant

○ 3 Federal Question
(U.S. Government Not a Party)

○ 4 Diversity
(Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

---

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

**○ A. Antitrust**

☐ 410 Antitrust

**○ B. Personal Injury/Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

**○ C. Administrative Agency Review**

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**○ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

---

**○ E. General Civil (Other)**          OR          **○ F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

⑤

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex,<br>national origin,<br>discrimination, disability<br>age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☒ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted<br>Student Loans<br>(excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting &<br>Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 Americans w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment &<br>Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of<br>Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting<br>(if Voting Rights Act) |

**V. ORIGIN**
◉ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Freedom of Information Act, 5 U.S.C. § 552 - wrongful withholding of agency records

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $   JURY DEMAND: YES ☐ NO ☒   Check YES only if demanded in compl

**VIII. RELATED CASE(S) IF ANY** (See instruction) YES ☐ NO ☒ If yes, please complete related case form.

DATE July 1, 2008   SIGNATURE OF ATTORNEY OF RECORD _____

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.