UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SOPHIA HELENA IN 'T VELD,<br><br>Plaintiff,<br><br>v.<br><br>DEPARTMENT OF HOMELAND SECURITY,<br><br>Defendant. | Civil Action No. 08-1151 (RMC) |

MEMORANDUM OPINION

Sophia In 't Veld sought personal passenger data records from the Department of Homeland Security ("DHS") under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. DHS released 28 pages of records to her, but she contests the adequacy of the search in reliance on an affidavit of a travel expert. Because the expert's affidavit is based on the erroneous assumption that DHS's data systems are the same as the airlines' data systems and because DHS submitted detailed affidavits describing an adequate search, summary judgment will be granted in favor of DHS.

I. FACTS

Ms. In 't Veld is a citizen of the Netherlands and a member of the European Parliament where she serves on the Committee on Civil Liberties, Justice, and Home Affairs. Compl. ¶ 3. As part of her work on this Committee, she participates in the development of policy regarding the exchange of Passenger Name Record data between the European Union and the United States. *Id*.

In November 2006, DHS and its component Customs and Border Protection published a notice stating that it maintains a system of records called the Automated Targeting System. *Id*. ¶ 6. This is a data-mining system used to determine the "risk assessment" for travelers crossing U.S. borders. The data-mining system uses information in the Passenger Name Records and personal data in other information systems, including the Non Immigrant Information System, the Suspect and Violator Indices, the Treasury Enforcement Communications System, the Advanced Passenger Information System, Department of State databases, and the consolidated and integrated terrorist watch list maintained by the Terrorist Screening Center. *Id*. Ms. In t' Veld contends that the treatment of Passenger Name Record data by the U.S. government is inadequate to protect the fundamental rights of E.U. citizens. *Id*. ¶ 8.

Ms. In 't Veld submitted a FOIA request to DHS on October 17, 2007, requesting agency records as follows:

> We are seeking all records concerning Sophie In 't Veld (including but not limited to electronic records) maintained in the Non Immigrant Information System (NIIS), Suspect and Violator Indices (SAVI), and Treasury Enforcement Communications System (TECS).

Def.'s Mot. for Summ. J., Ex. 1 ("Lockett Decl."), Ex. A. The following day, Ms. In 't Veld submitted a FOIA request to Customs and Border Protection requesting the following records:

> all records concerning Ms. In 't Veld (including but not limited to electronic records) maintained in the Passenger module of the Automated Targeting System (ATS-P) and Advanced Passenger Information System (APIS).

*Id*., Ex. B.

DHS and its components conducted the requested search for documents and turned

over 28 pages of records from Customs and Border Protection.[1]  *Id*., Ex. D.  Believing that additional documents should have been released, Ms. In 't Veld exhausted her administrative appeals and then filed this suit.  DHS filed a motion for summary judgment on the ground that it conducted an adequate search and released all non-exempt information.  Ms. In 't Veld opposes.

## II. STANDARD OF REVIEW

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment must be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).  Moreover, summary judgment is properly granted against a party who "after adequate time for discovery and upon motion . . . fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  In ruling on a motion for summary judgment, the court must draw all justifiable inferences in the nonmoving party's favor and accept the nonmoving party's evidence as true.  *Anderson*, 477 U.S. at 255.  A nonmoving party, however, must establish more than "the mere existence of a scintilla of evidence" in support of its position.  *Id.* at 252.

---

[1] Some information was redacted from the released documents pursuant to various FOIA Exemptions.  Ms. In 't Veld does not contest the claimed Exemptions.  Pl.'s Opp'n at 1 n.1.  Also, on May 15, 2008, Ms. In 't Veld submitted a FOIA request to the Transportation Security Administration, another DHS component.  Lockett Decl., Ex. C.  The Transportation Security Administration search did not produce any responsive records, *id*., Ex. D, and Ms. In 't Veld does not challenge this search.  Pl.'s Opp'n at 4 n.3.  Further, Plaintiff does not challenge a search by DHS via the U.S. Visitor and Immigrant Status Indicator Technology program, whereby 30 pages of records from the Advanced Departure Information System were released.  *See* Lockett Decl., Ex. D; Pl.'s Opp'n at 5 n.4.

FOIA cases are typically and appropriately decided on motions for summary judgment. *Miscavige v. IRS*, 2 F.3d 366, 368 (11th Cir. 1993); *Rushford v. Civiletti*, 485 F. Supp. 477, 481 n.13 (D.D.C. 1980). In a FOIA case, a court may award summary judgment solely on the basis of information provided by the agency in declarations when the declarations describe "the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981).

### III.  ANALYSIS

FOIA requires agencies of the federal government to release records to the public upon request, unless one of nine statutory exemptions applies. *See NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 136 (1975); 5 U.S.C. § 552(b). To prevail in a FOIA case, the plaintiff must show that an agency has (1) improperly (2) withheld (3) agency records. *United States Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 142 (1989); *United We Stand America, Inc. v. IRS*, 359 F.3d 595, 598 (D.C. Cir. 2004). Ms. In 't Veld asserts that DHS improperly withheld documents because its search was inadequate.

The adequacy of a search is measured by a standard of reasonableness and depends on the individual circumstances of each case. *Truitt v. Dep't of State*, 897 F.2d 540, 542 (D.C. Cir. 1990). The question is not whether other responsive documents may exist, but whether the search itself was adequate. *Steinberg v. United States Dep't of Justice*, 23 F.3d 548, 551 (D.C. Cir. 1994). Before it can obtain summary judgment in a FOIA case, "an agency must show, viewing the facts in the light most favorable to the requester, that . . . [it] has conducted a search reasonably calculated

to uncover all relevant documents." *Id.* There is no requirement that an agency search every record system, but the agency must conduct a good faith, reasonable search of those systems of records likely to possess the requested information. *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990).

An agency may prove the reasonableness of its search via the declaration of responsible agency officials, so long as the declaration is reasonably detailed and not controverted by contrary evidence or evidence of bad faith. *Military Audit Project*, 656 F.2d at 738. An agency's declarations are accorded "a presumption of good faith, which cannot be rebutted by purely speculative claims about the existence and discoverability of other documents." *SafeCard Services v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (internal citation and quotation omitted). DHS submitted two declarations in this case: (1) the Declaration of Vania Lockett, the Associate Director, Disclosure and Freedom of Information Act Operations within the Privacy Office of DHS; and (2) the Declaration of David Dodson, the Passenger Branch Chief, Analysis and Targeting Division, Office of Intelligence and Operations Coordination, Customs and Border Protection within DHS.

Ms. In 't Veld argues that the Lockett Declaration is insufficient to establish that an adequate search was conducted and that the search must have been conducted by someone unfamiliar with Passenger Name Record data. Pl.'s Opp'n , Ex. 1 ("Hasbrouck Decl.") ¶ 8-9. Ms. In 't Veld relies on the affidavit of Edward Hasbrouck, a "travel expert" familiar with Passenger Name Records and Computerized Reservation Systems used in the travel industry. *Id*. ¶ 1.[2] Mr. Hasbrouck asserts

---

[2] Mr. Hasbrouck asserts that he has conducted research on the contents of Passenger Name Records, and he provides consumer advice regarding the contents of travel reservation records and the privacy issues posed. Hasbrouck Decl. ¶ 1. He has used three of the four major global Computerized Reservation Systems to create, retrieve, modify, and work with air travel Passenger Name Records, *id*. ¶ 3, and he considers himself "an expert in industry (airline, travel agency, and

that to evaluate whether an adequate search has been performed, one must know what input was provided, what methodology was used, and what target database was searched. *Id*. ¶ 11.  Further, searches for multiple name versions should have been conducted, including searches for the following permutations of Plaintiff's name:

> INTVELD/SOPHIA
>
> TVELD/SOPHIA IN
>
> VELD/SOPHIA INT
>
> VELD/SOPHIA IN T

*Id*. ¶¶ 15-16, 18.

The Lockett Declaration states that Customs and Border Protection searched Treasury Enforcement Communications System (including the Advanced Passenger Information System and the Non Immigrant Information System) using Plaintiff's name and passport number and that it searched the Passenger module of the Automated Targeting System and the Suspect and Violator Indices using Plaintiff's name. *See* Lockett Decl. ¶¶ 12-13.  Thus, while the Lockett Declaration specifies what databases were searched, it does not describe the methodology or the precise way(s) that Plaintiff's name was configured when the search was conducted.

DHS satisfied its burden of demonstrating an adequate search by supplementing the record with the Declaration of David Dodson.  Mr. Dodson has been employed with Customs and Border Protection and its predecessor, U.S. Customs Service, since 1996.  Def.'s Reply, Ex. 1 ("Dodson Decl.") ¶ 1.  Mr. Dodson is an expert user of the Passenger module of the Automated

---

[Computerized Reservation Systems]) practices for the entry and international transmission, exchange, and sharing of [Passenger Name Record] data, and in the norms and global variation in practices for [Passenger Name Record] data entry and handling." *Id*. ¶ 7.

Targeting System and Passenger Name Record data. *Id*. He regularly conducts research in the Passenger module of the Automated Targeting System, the Treasury Enforcement Communications System, the Advanced Passenger Information System, the Non Immigrant Information System, and the Suspect and Violator Indices. *Id*. ¶ 2. And he is familiar with Computerized Reservations Systems because he regularly used them for three years to obtain Passenger Name Record data for law enforcement use prior to a change in access policy. *Id*. ¶ 6.

Mr. Dodson points out that Computerized Reservations Systems used in the travel industry are not same as the Passenger module of the Automated Targeting System used by Customs and Border Protection, and the systems are not queried in the same way. *Id*. Most critically, the Automated Targeting System does not maintain complete replicas of Passenger Name Record data as it is stored in Computerized Reservations Systems. Mr. Hasbrouck's affidavit is based on the faulty assumption that these systems are the same.[3]

In response to Plaintiff's FOIA request, Mr. Dodson searched the Passenger module of the Automated Targeting System (including the Suspect and Violator Indices) and found eight pages of Passenger Name Record data using the following variations of Plaintiff's name:

    Last Name "intveld"/First Name "soph%"

    Last Name "Int veld"/First Name "soph%"

    Last Name "In Tveld"/First Name "Soph%"

    Last Name "In T Veld"/First Name "Soph%"

*Id*. ¶ 12. Because the name fields in Passenger Name Records do not capture apostrophes, Mr.

---

[3] While Mr. Hasbrouck may be an expert in Passenger Name Record data and Computerized Reservations Systems, he does not purport to be an expert in the Automated Targeting System or any of the other data systems searched pursuant to the FOIA request in this case.

Dodson did not configure any of his searches to include the apostrophe in Plaintiff's name. *Id*. n.2. Mr. Dodson ran searches in the other relevant data systems maintained by Customs and Border Protection using each of the last name permutations listed above together with the first name Sophie and together with the first name Sophia. *Id*. ¶ 13. This search yielded two passport numbers, and Mr. Dodson searched all of the relevant data bases using these as well. *Id*. ¶¶ 13-14. These searches revealed an additional 20 pages of records. Mr. Dodson did not restrict his inquiries of the data systems by any date or data field parameters. *Id*. ¶ 14.

In sum, the Lockett Declaration, together with the more detailed Dodson Declaration, reveal a search reasonably calculated to uncover all relevant documents in response to Plaintiff's FOIA request. *See Steinberg*, 23 F.3d at 551. Ms. 't Veld has cited no contrary evidence nor has she submitted evidence of bad faith. Because DHS has shown that it conducted an adequate search, its motion for summary judgment will be granted.

## IV.  CONCLUSION

For the foregoing reasons, DHS's motion for summary judgment [Dkt. # 9] will be granted. A memorializing order accompanies this Memorandum Opinion.

Date: December 15, 2008              _____/s/_____
                                     ROSEMARY M. COLLYER
                                     United States District Judge